IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:09cr93 |
| | : | |
| v. | : | **(Judge Munley)** |
| | : | |
| **CHARLES EUGENE NOLDEN,** | : | |
| **Defendant** | : | |

## MEMORANDUM and ORDER

Before the court for disposition is the issue of whether Defendant Charles Eugene Nolden's federal prison sentence should run consecutively with or concurrently to his state court sentence.   The court held a hearing on June 7, 2012, and the parties have briefed their respective positions. The matter is thus ripe for disposition.

**Background**

A grand jury returned a two-count indictment against Defendant Charles Eugene Nolden on March 18, 2009.  It charged him with: Count 1, being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and Count 2, possession of stolen firearms, in violation of 18 U.S.C. § 922(j).  (Doc. 1, Indictment).

Defendant pled guilty to Count 1 on October 1, 2009.  (Doc. 33, Order accepting guilty plea).  On January 27, 2010, the court sentenced him to, *inter alia*, a term of imprisonment of seventy-seven (77) months. (Doc. 42, Judgment).

For purposes of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").  The PSR reveals that at the time defendant committed the offense at issue, he was on Pennsylvania state parole from imprisonment stemming from a conviction for conspiracy to commit third degree murder.   (PSR ¶ 28).  In January

2010, Defendant was recommitted to state prison as a technical parole violator to serve twelve (12) months of backtime.  (Def. Ex. B., Notice Parole Board Decision dated Jan. 26, 2010).  The technical violation was leaving the district, changing residence and failure to report.  (PSR ¶ 26).  The instant federal conviction of possession of firearms caused the Pennsylvania Board of Probation and Parole ("Board") to further recommit the defendant for eighteen (18) months to run concurrently to the twelve (12) months of backtime.  (Id.)  In October 2010, the Board denied parole to the defendant.   (Def. Ex. B, Notice of Board Decision Oct. 2010).[1]

Thus, at the time of his sentencing, the defendant was serving a state prison term.  At sentencing, this court did not indicate whether the federal sentence would run concurrently with the state court sentence the defendant was already serving.  When the court is silent on whether the sentence is concurrent, it is deemed to run consecutively to the state court sentence.  18 U.S.C. § 3584(a) (explaining that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Defendant filed a motion pursuant to 28 U.S.C. § 2255, asserting that his trial counsel was ineffective for failing to argue that his federal sentence should run concurrently with his state court sentence.  (Doc. 66, Mot. to Vacate).  The court granted the motion to the extent that it agreed to hold a hearing and consider argument on this issue.  (Doc. 77, Mem. & Order dated July 26, 2011).  The hearing was held on June 7, 2012 and counsel

---

[1] The Board evidently granted parole to defendant on April 16, 2012 effective August 1, 2012.  (Doc. 95-2, Def. Ex. H, Notice of Board Decision).

for the government and the defendant have submitted post-hearing briefs, bringing the case to its present posture.

**Discussion**

The court's authority to grant a consecutive or concurrent sentence is governed by the United States Sentencing Guidelines ("Guidelines"). The situation where the defendant has an undischarged term of imprisonment at the time of the sentencing, as is the case here, is discussed in Guideline 5G1.3, "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." This Guideline, contains three subsections: (a),(b) and (c). Subsection (a), deals with a sentence that is imposed for an offense "committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such a term of imprisonment." U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(a) (2010). In such situations, the sentence shall be imposed to run consecutively. Id.

Subsection (b), addresses the situation where section (a) "does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis of an increase in the offense level for the instant offense[.]" U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(b). In such cases, the sentence shall be concurrent. Id.

Subsection (c), indicates that in any case not covered by (a) or (b), the court has discretion to impose a concurrent, partially concurrent or consecutive sentence. U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(c). The application note to subsection (c) indicates that the Sentencing Commission "recommends that the sentence for the instant offense be

imposed consecutively to the sentence imposed for the revocation." Application Note, 3(c).  Additionally the Guidelines provide that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving[.]"  Application note 4 to this Guideline indicates that "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."  See also United States v. Swan, 275 F.3d 272 (3d Cir. 2002) (acknowledging that the Sentencing Commission's preference is for consecutive sentences, but indicating that the district courts have discretion to impose concurrent sentences).

The parties agree that defendant's sentencing is covered by subsection (c).[2]  (Doc. 98, Tr. of June 7, 2012 Sentencing Hr'g at 5). Thus, the court has discretion to grant either a concurrent, partially concurrent or consecutive sentence.  A partially concurrent sentence is one that commences on the earlier of "(i) when the defendant is released from the prior undischarged sentence; or (ii) on a specified date."  Guideline § 5G1.3., Comment (B).

---

[2]Subsection (a) is inapplicable because the instant offense was not committed while the defendant was serving a term of imprisonment or after sentencing for, but before commencing service of a term of imprisonment. Defendant was on parole from a state sentence when the federal offense occurred.  Subsection (b) is inapplicable because the state term of imprisonment did not result from another offense that was relevant conduct to the instant offence and it was not used to increase the offense level for the instant offense.  The state term of imprisonment was for a parole violation that did not affect defendant's federal sentence guideline determination.

The comment to Guideline 5G1.3 provides the following guidance:

> In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:
> (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));
> (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (iii) the time served on the undischarged sentence and the time likely to be served before release;
> (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

The government argues that the general policy of the Sentencing Commission and the circumstances of this case indicate that a consecutive sentence is appropriate. The circumstances that the government addresses include the following: A bulletproof vest was recovered from defendant's residence. As a convicted felon, defendant is prohibited from possessing such a vest. No charges or guideline enhancements were provided for this conduct. Additionally, two of the firearms that were recovered were loaded and readily accessible. The government further cites to evidence that may connect the defendant to illegal drug activity. The government also points to two juvenile adjudications of the defendant involving carrying a loaded firearm and assault with a deadly weapon. No criminal history points were assigned to these crimes in determining defendant's Guideline range.

Defendant argues that a concurrent sentence should be awarded. He notes that he did in fact plead guilty to a serious crime, illegal

possession of a weapon. He asserts, however, that he possessed the weapon for self defense, rather than to commit an offense. He notes that at the time of his arrest, he was living in York, Pennsylvania with his fiancee and their child. He has a second child from a previous relationship. He was employed full-time as a driver at York Waste Disposal, at the time of arrest, and he was providing support for his children with whom he has a good relationship.

During his imprisonment at SCI-Mahanoy, he has not received any "misconducts" and he has completed programs such as Anger Management, Violence Prevention and Money Management. Additionally, he has completed the GED program and has received specialized training in carpentry, wiring, and plumbing.

After a careful review of the parties' positions, and considering all the circumstances, the court finds that the defendant's federal sentence should be partially concurrent to his state sentence and should run from the date this court originally sentenced the defendant.[3] Accordingly:

**AND NOW**, to wit, this 23rd day of July 2012, it is hereby **ORDERED** that defendant's sentence will run partially concurrent to the defendant's state court sentence. The sentence shall start running on the date the court sentenced defendant, that is January 10, 2010.

---

[3]Defendant contends that there is a period of time that he was imprisoned that has not been applied to any sentence and that the court should take this factor into account. The government points out, however, that when the defendant is placed in federal custody, the Bureau of Prisons will determine his minimum release date. If the defendant is not satisfied that he has received all the credit he is entitled to, he can seek appropriate relief at that point.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**