# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | No. 1:09cr93 |
| **OF AMERICA** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **CHARLES EUGENE NOLDEN,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is Defendant Charles Eugene Nolden's (hereinafter "defendant") motion for reconsideration and the United States of America's (hereinafter "government") motion to dismiss the motion for reconsideration. For the following reasons, we will deny the motion to dismiss and order the government to file a brief in opposition to the motion for reconsideration.

## Background

A grand jury returned a two-count indictment against Defendant Charles Eugene Nolden on March 18, 2009. It charged him with: Count 1, being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and Count 2, possession of stolen firearms, in violation of 18 U.S.C. § 922(j). (Doc. 1, Indictment).

Defendant pled guilty to Count 1 on October 1, 2009. (Doc. 33, Order accepting guilty plea). On January 27, 2010, the court sentenced him to, *inter alia*, a term of imprisonment of seventy-seven (77) months. (Doc. 42, Judgment). At the time of this sentencing, the plaintiff was serving a state court sentence. The court did not indicate whether the

federal sentence would run concurrently with defendant's state court sentence.

Defendant filed a motion pursuant to 28 U.S.C. § 2255, asserting that his trial counsel was ineffective for failing to argue that his federal sentence should run concurrently with his state court sentence. (Doc. 66, Mot. to Vacate). The court granted the motion to the extent that it agreed to hold a hearing and consider argument on this issue. (Doc. 77, Mem. & Order dated July 26, 2011). The hearing was held on June 7, 2012 and counsel for the government and the defendant submitted post-hearing briefs.

After reviewing the parties' positions, the court ruled that the defendant's sentence should run partially concurrent to his state court sentence. That is, it should start running concurrently as of the date this court sentenced defendant, January 10, 2010. (Doc. 99, Mem. & Order dated July 23, 2012). In our memorandum discussing the sentence, we noted:

> Defendant contends that there is a period of time that he was imprisoned that has not been applied to any sentence and that the court should take this factor into account. The government points out, however, that when the defendant is placed in federal custody, the Bureau of Prisons will determine his minimum release date. If the defendant is not satisfied that he has received all the credit he is entitled to, he can seek appropriate relief at that point.

(Id. at 6 n.3).

The defendant filed a motion for reconsideration of sentence on April

19, 2013. (Doc. 102, Mot. for Recons.). He alleges that the Bureau of Prisons (hereinafter "BOP") has now determined his minimum release date, but it has done so incorrectly. That is, the BOP did not credit his sentence for the period of time from the date of his arrest on the federal charges to the date the Pennsylvania Board of Probation and Parole re-committed him to state prison - which coincidently was the day before he was sentenced in federal court. This period is from August 8, 2008 to January 26, 2010. (Id. at 3). Defendant argues that during this time he was incarcerated, but he has never received credit on any of his sentences for this time period.

Defendant indicates that the BOP initially did credit him with approximately eighteen months that covered this period of incarceration, but then in a later calculation removed the eighteen-month credit. Defendant asks the court to adjust his federal sentence by eighteen months to credit him for this time served.

On May 15, 2013, the court ordered the government to respond to the defendant's motion within fourteen (14) days. (Doc. 103). On May 23, 2013, the government requested a forty-five day extension of time in which to respond to the motion. (Doc. 104). The court granted the motion on May 24, 2013. (Doc. 105). On July 16, 2013, the government filed its response in the form of a motion to dismiss the defendant's motion for reconsideration. (Doc. 106). The government on the same day filed a

motion for leave to file the motion to dismiss *nunc pro tunc* as the response had been due on July 11, 2013. (Doc. 107). The court granted the government's motion to file the response *nunc pro tunc*. (Doc. 109). On August 6, 2013, defendant filed a brief in opposition to the government's motion to dismiss. The matter is thus ripe for disposition.

**Discussion**

The government's motion to dismiss raises two issues. First, the government argues that the BOP computed defendant's sentence in a manner consistent with the court's sentencing order and thus defendant's motion should be dismissed. Second, the government contends that the motion should be dismissed as an improper "second or subsequent" section 2255 motion. We shall address the issues in turn.

**I. The BOP's sentencing calculation**

The government initially argues that the BOP computed defendant's sentence in a manner consistent with the court's sentencing order. That is, the sentence is computed with a start date of January 27, 2010. It is computed out for seventy-seven (77) months, and therefore, an appropriate release date is imposed.

While the government's position may in a sense be accurate, it is not complete. It does not address the issue raised by the defendant, that is, whether his sentence should be credited for the time he served from August 8, 2008, the date of his federal arrest, until January 26, 2010, the

4

date of his recommitment by the state probation and parole board.

As indicated above, it appears from the defendant's filing, that the BOP did initially provide this 537-day credit, but subsequently removed it. (Compare Def. Ex. B, "Sentence Monitoring Computation Date as of 09-25-2012" and "Sentence Monitoring Computation Date as of March 25, 2013"). The reason for the removal of this credit is not apparent, and the government does not address the issue in its brief.

The court heard this issue at the defendant's 2255 hearing and addressed it in our opinion of July 23, 2012. At both the hearing and in the post-hearing brief, the government indicated that it was premature to address the issue because the federal BOP had not yet calculated defendant's sentence. The government suggested that the issue could be revisited if defendant was dissatisfied with the BOP's calculation. (Doc. 96, Gov't Post 2255 Hr'g Br. at 3 n.1, Doc. 98, Notes of Test. of Section 2255 Hr'g at 12 (the government indicates "I think we agreed that that is an issue that is going to have to be determined. We can't determine it today.")).

As noted above, in our memorandum discussing the sentence, we noted:

> Defendant contends that there is a period of time
> that he was imprisoned that has not been applied to
> any sentence and that the court should take this
> factor into account. The government points out,
> however, that when the defendant is placed in
> federal custody, the Bureau of Prisons will
> determine his minimum release date. If the
> defendant is not satisfied that he has received all

5

>           the credit he is entitled to, he can seek appropriate
>           relief at that point.

(Id. at 6 n.3).

The BOP has now calculated the sentence, and the defendant objects to the calculation. The government, however, fails to respond to the substance of the defendant's argument.  The government's response with regard to the BOP's calculation does not sufficiently address the issue raised by defendant's brief.  We shall thus order the government to make a more detailed answer to the defendant's position.

**II. Second or successive 2255 motion**

As noted above, we have ruled on defendant's section 2255 motion. The law provides that he cannot file a second or successive 2255 motion without first obtaining certification from a panel of the appropriate court of appeals.  28 U.S.C. § 2255(h).  The law also imposes a one-year period of limitations that runs from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f).   The government presents an argument that is a hybrid of sections 2255(h) and 2255(f).  It argues that defendant's motion was filed more than one-year from the date on which the judgment of conviction became final, and it is therefore, an improper second or successive motion.  We are unconvinced.

First, the court cannot find the relevance to the government's limitations argument.  The petition is either a second or successive motion or it is not regardless of the limitations period.

Further, we find that the motion is not a second or successive motion. Rather, it is defendant's attempt to get a ruling on an issue raised in his 2255 motion that the court left open at the government's suggestion. The government itself sought to put off decision on this issue until after the BOP calculated defendant's sentence. (Doc. 96, Gov't Post 2255 Hr'g Br. at 3 n.1; Doc. 98, Notes of Test. of Section 2255 Hr'g at 12 (the government indicates "I think we agreed that that is an issue that is going to have to be determined. We can't determine it today.").

Accordingly, this motion is not a "second or successive" petition, but merely a motion by the defendant to have the court rule upon an issue that was left opened at the time that his 2255 motion was decided. The BOP has only recently indicated that it may not provide the credit to the defendant. Thus, it appears appropriate for the defendant to raise the issue at this time.

**Conclusion**

We will deny the government's motion to dismiss the defendant's motion for reconsideration. Further, we will direct the government to file a brief in opposition to the defendant's motion within fourteen days. The brief shall indicate whether it was appropriate for the BOP to deny credit to the defendant for the 537 days he was in custody from the date of his arrest, August 8, 2008 until the day of his recommitment to state prison, January 26, 2010. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:09cr93 |
| | : | (Judge Munley) |
| v. | : | |
| **CHARLES EUGENE NOLDEN,** | : | |
| Defendant | : | |

**ORDER**

**AND NOW**, to wit, this 5th day of September 2013, the United States of America's motion to dismiss the defendant's motion for reconsideration (Doc. 106) is hereby **DENIED**. The government is directed to file a brief in opposition to the defendant's motion for reconsideration within fourteen (14) days from the date of this order. The brief shall address the issue of whether the BOP denied defendant credit for the 537 days he was in custody from the date of his arrest, August 8, 2008 until the day the Pennsylvania Board of Probation and Parole recommitted him to state court, January 26, 2010 and whether such denial was appropriate. The defendant may file a reply brief within fourteen (14) days from the date the government files its brief.

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**