# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:09cr93 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **CHARLES EUGENE NOLDEN,** | : | |
|                 **Defendant** | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Charles Eugene Nolden's motion for reconsideration of sentencing. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, we find that the motion should be dismissed.

**Background**

A grand jury returned a two-count indictment against Defendant Charles Eugene Nolden on March 18, 2009 charging him with the following two counts: Count 1, being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and Count 2, possession of stolen firearms, in violation of 18 U.S.C. § 922(j). (Doc. 1, Indictment).

Defendant pled guilty to Count 1 on October 1, 2009. (Doc. 33, Order accepting guilty plea). On January 27, 2010, the court sentenced him to, *inter alia*, a term of imprisonment of seventy-seven (77) months. (Doc. 42, Judgment). At the time of his sentencing, the plaintiff was serving a state court sentence. The court, however, did not indicate

whether the federal sentence would run concurrently with defendant's state court sentence.

Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the motion, he asserted that his trial counsel was ineffective for failing to argue that his federal sentence should run concurrently with his state court sentence. (Doc. 66, Mot. to Vacate). The court granted the motion to the extent that it agreed to hold a hearing and consider argument on the issue of whether the federal sentence should run concurrently with the state sentence. (Doc. 77, Mem. & Order dated July 26, 2011). The court held the hearing on June 7, 2012 and counsel for the government and the defendant submitted post-hearing briefs.

After reviewing the parties' positions, the court ruled that the defendant's federal sentence should run partially concurrent to his state sentence. That is, it should start running concurrently as of the date this court sentenced defendant, January 10, 2010. (Doc. 99, Mem. & Order dated July 23, 2012). In our memorandum discussing the sentence, we noted:

> Defendant contends that there is a period of time
> that he was imprisoned that has not been applied to
> any sentence and that the court should take this
> factor into account. The government points out,

> however, that when the defendant is placed in federal custody, the Bureau of Prisons will determine his minimum release date. If the defendant is not satisfied that he has received all the credit he is entitled to, he can seek appropriate relief at that point.

(Id. at 6 n.3).

The defendant filed the instant motion for reconsideration of sentence on April 19, 2013. (Doc. 102, Mot. for Recons.). He alleges that the Bureau of Prisons (hereinafter "BOP") has now determined his minimum release date, but it computed the date incorrectly. That is, the BOP did not credit his sentence for the period of time from the date of his arrest on the federal charges to the date the Pennsylvania Board of Probation and Parole re-committed him to state prison, which coincidently was the day before he was sentenced in federal court. This period is from August 8, 2008 to January 26, 2010. (Id. at 3). Defendant argues that he was incarcerated during this time, but never received credit on either his federal or state sentence.

Defendant indicates that the BOP initially did credit him with approximately eighteen months that covered this period of incarceration, but then in a later calculation removed the eighteen-month credit. Defendant asks the court to adjust his federal sentence by eighteen months to credit him for this time served.

On May 15, 2013, the court ordered the government to respond to the defendant's motion. (Doc. 103). On July 16, 2013, the government filed its response in the form of a motion to dismiss the defendant's motion for reconsideration. (Doc. 106). The government argued that the BOP's computation of defendant's maximum sentencing date is consistent with the court's previous ruling on the defendant's sentence. The government also argued that defendant's motion was a second or successive § 2255 motion and should be dismissed. (Id.)

We found that while the government's argument with regard to the BOP's sentencing argument may have been accurate, it was incomplete as it did not take into account the eighteen (18) months for which the defendant sought credit. (Doc. 111, Order of Sept. 15, 2013). We further found that the motion was not an impermissible section 2255 motion. (Id.) We thus denied the government's motion to dismiss on September 5, 2013, and directed the government to address the substance of the defendant's motion. (Id.) The court order also allowed the defendant to file a reply brief within fourteen (14) days of the filing of the government brief. (Id.) The government filed its brief on September 17, 2013. (Doc. 112). The defendant did not file a reply brief and the time for such filing has passed.

**Discussion**

The defendant argues that the Bureau of Prisons has incorrectly computed his sentence. He seeks to remedy this alleged error through a motion to reconsider our decision on his section 2255 motion. Reconsideration of our decision on his section 2255 motion is not the proper procedure for defendant to obtain the relief he seeks, however, and we are without jurisdiction to rule upon the defendant's motion.

The law provides that once the BOP has calculated a sentence, if the defendant seeks to challenge the computation, the appropriate action to take is to file a petition for habeas corpus relief under 28 U.S.C. § 2241 (hereinafter "section 2241"). Computation of time served is an administrative rather than a judicial responsibility. Soyka v. Alldredge, 481 F.2d 303, 304-05 (3d Cir. 1973). In other words, once the court sentences the defendant, it is for the BOP to determine the computation of that sentence. A claim that credit has not been provided is cognizable under 28 U.S.C. § 2241. Id.; see also United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1991) (indicating a defendant may properly seek credit on a federal sentence for time spent in state custody through a section 2241 motion).

A section 2241 motion may not be filed, however, until the petitioner has exhausted his administrative remedies. Callwood v. Enos, 230 F.3d

5

627, 634 (3d Cir. 2000). Accordingly, defendant should raise the "credit for time served" issue first with the Bureau of Prisons and pursue any administrative remedies that may be available there.

The BOP has multi-tiered administrative remedy program. See 28 C.F.R. § 542.10. The first tier involves "informal resolution" and requires the inmate to try to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate may file a formal written Administrative Remedy Request. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response to the formal written request, he may appeal to the regional director of the BOP. 28 C.F.R. § 542.15(a). The final step in the administrative remedies is to appeal to the BOP's general counsel. Id. If the inmate remains unsatisfied, it may be proper to file a section 2241 habeas corpus petition.

A section 2241 petition must be brought in the district where the defendant is confined. Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004). According to the docket sheet, defendant is incarcerated at the Federal Correctional Institute-McKean in Bradford, Pennsylvania, which is located in McKean County. McKean County is located within the Western District of Pennsylvania. See 28 U.S.C. § 118(c). The United States District Court for the Middle District of Pennsylvania thus does not have jurisdiction over

6

the instant dispute, however, that is where defendant filed the instant motion.

Therefore, it appears that defendant must exhaust his administrative remedies with the BOP. If defendant remains unsatisfied after exhausting the administrative remedies, the proper course of action is to file a section 2241 petition in the Western District of Pennsylvania.[1] Accordingly, the instant motion will be dismissed. An appropriate order follows.

**Date: Nov. 20, 2013**         **s/ James M. Munley**

**Judge James M. Munley**
**UNITED STATES DISTRICT COURT**

---

[1]We could construe the motion as a petition under 28 U.S.C. § 2241 and transfer it to the proper district. But as it appears that defendant has not yet exhausted his administrative remedies, such a transfer would be futile. See Calwood, 230 F.3d at 634 (holding that a federal district court will not reach the merits of a section 2241 petition where the petitioner has failed to exhaust his administrative remedies).